C-13-11a
(Rev. 11/09)

```
                    UNITED STATES BANKRUPTCY COURT
                    MIDDLE DISTRICT OF NORTH CAROLINA
                            DURHAM DIVISION
```

```
In Re:                                   )
Ervin McLeod              SS# xxx-xx-1020 )
Barbara W. McLeod         SS# xxx-xx-0801 )
128 Southwood Drive                      )
Louisburg, NC 27549                      )
                                         ) Case No. B-15-80482 C13D
                                         )
           Debtor(s)                     )
```

## NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN
## AND TIME FOR FILING OBJECTION THERETO

   1.   A summary of the plan proposed by the Debtor(s) is set forth in the attached copy of a proposed Order Confirming Plan in this case.

   2.   The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed.  There will be no hearing on confirmation unless a timely objection is filed.

   3.   Written, detailed objections must be filed within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, Post Office Box 26100, Greensboro, NC, 27420-6100.  With copies served on (1) Richard M. Hutson II, Post Office Box 3613, Durham, NC; (2) the attorney for the Debtor(s); and (3) the Debtor(s).  If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

   4.   In the event a timely objection is filed, a hearing on the objection to confirmation and on confirmation of the proposed plan will be held on July 30, 2015, at 11:00 a.m. in Courtroom, Venable Center, Dibrell Building, 280, 302 East Pettigrew Street, Durham, NC.  The party objecting must appear at this hearing.

   5.   If an objection is filed, the party objecting, the Debtor(s) and the attorney for the Debtor(s) are required to appear at the hearing on confirmation.

   6.   There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.


   DATE: June 12, 2015                         Office of the Clerk
                                               Reid Wilcox, Clerk

```
C-13-7a
(Rev. 01/12)
```

                    UNITED STATES BANKRUPTCY COURT
                    MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re:<br>Ervin McLeod            SS# xxx-xx-1020<br>Barbara W. McLeod      SS# xxx-xx-0801<br>128 Southwood Drive<br>Louisburg, NC 27549<br><br>            Debtor(s) | ORDER CONFIRMING PLAN<br>CHAPTER 13<br><br>Case No. B-15-80482 C13D |

   This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.** The Trustee in this case is <u>Richard M. Hutson II</u>, Standing Trustee, <u>Post Office Box 3613, Durham, North Carolina 27702</u>;

**II.** The attorney for the Debtor(s) is **Brent Clifton Wootton**;

**III.** Under the final plan (the "Plan") as proposed:

   **A. Plan Payments**

   1. The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

   2. The monthly plan payment to the Trustee is **$285.00** beginning **6/5/2015**; Payments into the Plan shall be decreased to **$220.00** per month beginning **07/2015**.

   **B. Administrative Costs**

   1. **Attorney Fees.** The Attorney for the Debtor(s) is allowed the base fee of **$3,700.00**. The Attorney has received **$0.00** from the Debtor(s) pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

   2. **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

   **C. Priority Claims**

   Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

   1. **Internal Revenue Service**
   2. **North Carolina Department of Revenue**
   3. **Franklin County Tax Collector**

ltp

**D.     Secured Claims**

   **1.     Partially Secured Claims - Real Property and Personal Property**

*Any objection to value is required to be filed as a formal objection to valuation not later than 60 days from the date of the entry of this Order.*

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Secured Amount and Value | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|---|
| **New Southern Loans** 1996 Ford t/e 1/17/15 | Y | $2,092.92 | $500.00 | $10.00 | 5.25% | $0.00 |
| **Springleaf Financial** 2003 Ford F150 t/e 10/29/14 | Y | $5,871.02 | $4,100.00 | $85.00 | 5.25% | $41.00 |
| **Springleaf Financial ("the creditor") shall receive adequate protection payments in the amount of $41.00 per month for twelve (12) months from confirmation, after which point the Chapter 13 Trustee shall commence equal monthly payments in the amount of $85.00, until such time as the claim is satisfied. Pursuant to 11 U.S.C. §1325(a)(5)(B)(i), the creditor shall retain its lien against the automobile until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. §1328.** ||||||||
| **Untied Consumer Financial Svcs.** Consumer goods | N | Unknown | $100.00 | $10.00 | 5.25% | $0.00 |

   **2.     Property To Be Released.**

*Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 120 days from the date of entry of this Order to file a documented deficiency claim after liquidating the property. The automatic and co-debtor stay, if applicable, are lifted as to the property released. The requirements of Rule 3002.1 are terminated.*

| Creditor | Property to be Released | Claim filed (Y/N) |
|---|---|---|
| **Capital One Auto Finance** | 2010 Toyota Corolla | Y |
| **Time Financing** | 2002 Lexus RX | N |

**E.     General Unsecured Claims Not Separately Classified.**

   General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is **0%**.

**F.     Special Provisions**

   **CENTURY FINANCE**
   Century Finance has filed a proof of claim in this case in the amount of $980.00 secured with household goods. The claim does not have a properly recorded UCC-1 attached; therefore, the claim shall be allowed as unsecured.

**G.**     The Debtor(s) will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **OR** a **minimum** of **36** monthly plan payments, with the plan to be reviewed in six (6) months and periodically thereafter for plan payment adjustments;

**H.**     The terms and provisions of the Standing Order dated **May 28, 2015**, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov.**

**I.** **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

**END OF DOCUMENT**